## WESTERN UNION TELEGRAPH CO., Inc., v. FLORENCE et al. (No. 6741.)

(Court of Civil Appeals of Texas. Austin. April 16, 1924. Rehearing Denied May 21, 1924.)

1. **Telegraphs and telephones** ⬤➝70(1)— **Amount of damages for mental anguish within discretion of jury.**

Amount of damages awarded for mental anguish from negligent transmission of telegram is for the sound discretion of the court or jury under the facts of each particular case.

2. **Appeal and error** ⬤➝1004(1)—**Allowance for mental anguish not disturbed unless unreasonable or unconscionable or affected by undue or improper considerations.**

Unless the amount awarded for mental anguish from negligent transmission of telegram is unreasonable or unconscionable in the face of undisputed facts or is shown to have been affected by undue or improper considerations, the appellate court will not set aside the lower court's judgment.

3. **Telegraphs and telephones** ⬤➝71—**$600 damages for mental anguish held not excessive.**

$600 verdict for 2½ hours of mental anguish caused by negligent transmission of telegram erroneously stating that plaintiff's sister had died *held* not excessive.

Appeal from District Court, Travis County; George Calhoun, Judge.

Action by Mrs. Bettie Florence against the Western Union Telegraph Company, Inc., and others. Judgment for plaintiff, and the named defendant appeals. Affirmed.

Francis R. Stark, of New York City, and Jas. H. Hart and Brooks, Hart & Woodward, all of Austin, for appellant.

Warren W. Moore and F. W. Moore, both of Austin, for appellees.

BAUGH, J. Mrs. Bettie Florence resided at Austin, in Travis county, Tex. Her sister, Mrs. Gladys Budd, resided in Houston, Tex. Her daughter, Mrs. Jewel Carr, was visiting her sister in Houston, and on June 2, 1922, together with her aunt, Mrs. Budd, started from Houston to Austin. Just before taking the train at Houston, Mrs. Carr filed with the agent of the Western Union at Houston a message, addressed to Mrs. Bettie Florence, at Austin, in the following language: "Gladys and I will arrive in the morning on Central. Jewel." This message was filed at 8:35 p. m. About 9:30 p. m. that same night the telegraph company delivered to the plaintiff the following message: "Gladys died I will arrive in the morning on Central. Jewel." Mrs. Florence immediately endeavored to get in touch with another sister who resided in Houston, but was unable to do so until about 12 o'clock that night, at which time she first learned that the message was erroneous, and that her sister Gladys was not dead, but was en route to Austin.

This suit was brought for damages for mental anguish suffered by the plaintiff between the time the message was delivered and the time she learned the true facts. It was tried before the court without a jury, who awarded plaintiff damages in the sum of $600. This appeal is brought before us upon the transcript which contains findings of fact and conclusions of law of the trial court. No statement of facts accompanies the record.

The sole issue before us is whether or not the damages awarded by the trial court are excessive. No issue is raised as to negligence of the company in sending an incorrect message, nor as to its liability for such negligence.

Both parties have cited us to numerous cases in which varying amounts have been awarded to parties under varying circumstances for damages on account of mental anguish suffered, and which arose from negligence of the telegraph company in sending incorrect messages, or in failing to deliver messages in time.

[1, 2] We know of no fixed standard which can be followed in any particular case in determining the amount of damages to be awarded in such instance. Of necessity there can be no fixed rule which can be followed in any case of this character. The injured party is entitled to recover such damages as will reasonably compensate him for the injuries sustained. The amount thereof is necessarily a matter addressed to the sound judgment and discretion of the court or jury under the facts of each particular case. Western Union Tel. Co. v. Hardison (Tex.

Civ. App.) 101 S. W. 541; Western Union Tel. Co. v. Goodson (Tex. Civ. App.) 217 S. W. 183. Unless the amount so awarded is unreasonable or unconscionable in the face of the undisputed facts, or shows to have been effected by undue or improper considerations, the appellate court will not set aside a judgment of the court below.

[3] The instant case was tried before a learned and experienced trial judge, who was not subject to the influences which sometimes lead juries to award excessive damages. If the plaintiff is entitled to recover for the damages suffered, which, in the language of the findings of the trial court, "was a great shock to plaintiff and caused plaintiff great mental anguish and mental suffering from the time of the receipt of said message, to wit, about 9:30 p. m., until the time she learned her sister was well, to wit, about midnight that night," we think she was entitled to recover such substantial damages as would reasonably compensate her for such suffering. There is no statement of facts brought up with the record. The learned trial judge had before him all the witnesses, heard their testimony, and was in a position to make a fair and impartial estimate of what was reasonable damages under the circumstances of the particular case. We are not prepared to say that the award of the trial court, who was in the best position, in the light of all the facts before him, to determine what was a fair and reasonable amount in the premises, was excessive. The judgment of the trial court will therefore be affirmed.

Affirmed.